# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARCUS D. YOUNG, | ) | |
| Petitioner, | ) | 3:12-cv-0474-LRH-WGC |
| vs. | ) | **ORDER** |
| ROBERT LEGRAND, *et. al.*, | ) | |
| Respondents. | ) | |

Marcus D. Young has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has filed an application to proceed *in forma pauperis* (ECF No. 1). The petitioner's application to proceed *in forma pauperis,* including the financial certificate, establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition. The petition will be ordered filed and docketed, and served upon the respondents, but respondents will not be required to answer the petition at this time, because it appears the petition was submitted outside the applicable limitations period. The petition is likely subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Furthermore, a properly filed petition for state post-conviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner was convicted on January 21, 2009. Petitioner did not file

a direct appeal, the time for doing so expired on February 20, 2009. Petitioner filed a state habeas corpus action on October 14, 2009, and review of that petition concluded on January 24, 2011. The time period between February 20, 2009, and October 14, 2009, or 236 days, was not tolled. The time period between filing the state petition and conclusion of review of the petition would be tolled. However, the limitations period began to run again on January 24, 2011, and petitioner had 129 days to file his federal habeas petition. The instant federal habeas action was initiated on August 31, 2012, 585 day later. The petition was filed beyond the one-year time limitation contained in the statute.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance made it impossible to file a timely petition. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was filed within the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall **FILE and electronically SERVE** a copy of the petition for writ of habeas corpus (and a copy of this order) upon respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this Order to file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. If petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period or that the limitations period should be equitably tolled, the Court will enter an order dismissing the petition.

DATED this 22nd day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE