1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9    MARCUS D. YOUNG,                    )
                                         )
10           Petitioner,                 )        3:12-cv-0474-LRH-WGC
                                         )
11   vs.                                 )        **ORDER**
                                         )
12                                       )
     ROBERT LEGRAND, *et. al.*,          )
13                                       )
             Respondents.               )
14   _____/

15         Marcus D. Young has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

16   and submitted a motion for appointment of counsel (ECF No. 1-3).  The motion for counsel shall be filed

17   and is addressed herein.

18         Petitioner is incarcerated at the Lovelock Correctional Center for consecutive terms of ten years

19   to life and twenty years to life on conviction for lewdness with a child under the age of fourteen years

20   and sexual assault on a child.  Petitioner pled guilty to the charges.  In his petition for writ of habeas

21   corpus, Petitioner raises claims of ineffective assistance of counsel, violation of his rights under *Miranda*

22   and the Sixth Amendment right to counsel, that his plea was not knowing or voluntary as well as

23   cumulative error.  The petition presents a coherent document.  Respondents have not opposed the

24   motion.

25         There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.

26   *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

27   The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th

28   Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert.*

*denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).  The claims in this case are not complex.  Also, the Court notes from the petition, and from the other documents that petitioner has submitted to the Court, that petitioner is able to present matters to the Court in an organized and understandable manner.  Petitioner's motion shall be denied.

**IT IS THEREFORE ORDERED** that the motion for appointment of counsel (ECF No. 1-3) shall be **FILED** and is **DENIED.**

DATED this 16th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE