UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MARCUS D. YOUNG, | Case No. 3:12-cv-00474-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ROBERT LeGRAND, *et al.*, | |
| Respondents. | |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel. Petitioner has filed a motion for leave to file petitioner's October 15, 2008, interrogation video, Supplemental Exhibit 60 in support of the amended petition, under seal. (Dkt. no. 41.) Respondents do not oppose petitioner's motion.

There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and motions in terms of the showing required to seal a document.  For a document filed with a dispositive motion, "compelling reasons" must be shown to justify sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In contrast,

for documents filed with non-dispositive motions, a "good cause" showing will suffice to keep the records sealed. *Id.* This is based on the reasoning that the public has less need for access to records that are merely tangentially related to the underlying cause of action. *Id.* at 1179. A showing of good cause generally requires a specific description of the particular document(s) sought to be sealed and a showing that disclosure of such documents would work a "clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994). Where good cause is shown for a protective order, the court must balance the potential harm to the moving party's interests against the public's right to access the court files. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

Petitioner has manually filed the DVD of petitioner's October 15, 2008 interrogation under seal with the Court. The DVD interrogation contains repeated references to the minor victim's name and other confidential information that would need to be redacted. The video is over an hour long and the amount of information that would need to be redacted is extensive. The Court agrees with petitioner that the video may be useful to the Court in determining the merits of the petition, as the video was part of the underlying state court record. On balance, the potential harm to the parties' and victim's interests outweigh the public's right to access the DVD of petitioner's October 15, 2008, interrogation. Petitioner has made an adequate showing of compelling reasons to keep the DVD sealed. Accordingly, the Court grants petitioner's motion to seal the DVD of petitioner's October 15, 2008, interrogation is granted.

It is therefore ordered that petitioner's motion to seal (dkt. no. 41) the DVD of petitioner's October 15, 2008, interrogation is granted. The Clerk of Court shall keep the DVD, manually filed at Supplemental Exhibit 60, filed under seal.

DATED THIS 9th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE